## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Craig Appleman, individually and on behalf of all others similarly situated, | CIVIL ACTION NO: |
| Plaintiff, | |
| v. | October 2, 2014 |
| DS Services of America, Inc., Defendant. | |

### COLLECTIVE ACTION COMPLAINT

Plaintiff, Craig Appleman, individually and on behalf of all other similarly situated Costco Sales Representatives, by his attorneys, for claims against Defendant, DS Services of America, Inc., alleges as follows:

### NATURE OF THE ACTION

1.      This is an unpaid overtime case on behalf of Costco Sales Representatives ("CSRs") employed by Defendant working in COSTCO stores nationwide.  CSRs are non-exempt employees entitled to overtime compensation for hours worked in excess of 40 in a workweek. Throughout the relevant period, it has been Defendants' policy to deprive its non-exempt CSRs of earned wages by failing to pay them time-and-a-half overtime premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal.

2.      By the conduct described in this Complaint, Defendant violated and continues to violate the Fair Labor Standards Act ("FLSA") by failing to pay CSRs, including Plaintiff, proper overtime wages as required by law.  Defendant's payroll and compensation policies and practices with respect to CSRs are uniform.

3.    Plaintiff brings this action on behalf of himself and similarly situated current and former Defendant CSRs who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

5.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.    Defendant is subject to personal jurisdiction in Florida.

7.    Defendant maintains a place of business in Florida.

8.    Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391.

9.    A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in this District.

## THE PARTIES

### *Plaintiff, Craig Appleman*

10.    Plaintiff, Craig Appleman ("Appleman") is an adult individual who is a resident of Coral Springs, Florida.

11.    Appleman has been employed by Defendant as a CSR in Florida from approximately March 3, 2014 through August 10, 2014.

12.    Appleman is a covered employee within the meaning of the FLSA.

***Defendant, DS Services of America, Inc.***

13.     Defendant, DS Services of America, Inc. is a corporation organized and existing under the laws of the state of Delaware. Defendant sells water and other products throughout the United States, including Florida.

14.     Throughout the relevant period, Defendant has been a covered employer as that term is used within the meaning of the FLSA and all other relevant laws. In addition, at all relevant times, it has employed Plaintiff and similarly situated employees.

15.     Throughout the relevant period, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who have worked for Defendant as CSRs between October 2, 2011 and the date of final judgment in this matter who elect to opt-in to this action (the "FLSA Collective").

17.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are hundreds of similarly situated current and former CSRs of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

18.     All of the work that Plaintiff and the FLSA Collective performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

19.     Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant.

20.     It is and has been Defendant's nationwide policy and pattern or practice to not pay Class Members overtime wages as required by law.

## PLAINTIFF'S FACTUAL ALLEGATIONS

21.     Appleman and the similarly situated workers regularly worked more than 40 hours per work week.  Upon belief, they usually worked between 50 and 55 hours per week, but were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

22.     Appleman and other CSRs work inside COSTCO stores where Defendants, pursuant to a nationwide agreement with COSTCO utilize, a portion of the store for CSRs to set up a booth to display and sell Defendant's water products.

23.     CSRs are required to travel to the assigned COSTCO and work in that particular store for five consecutive days, Wednesday through and including Sunday (the "Work Week"). Each Work Week the CSRs go to a different COSTCO and spend the entire Work Week in that COSTCO store.  Some of the COSTCO stores are within daily driving distances in which case the CSRs return home at the end of the work day.  Other COSTCO stores are greater distances requiring overnight stay through Sunday.

4

24.     Prior to going to the COSTCO stores that are further away CSRs are required to go to the local warehouse and pick up supplies and a company vehicle to drive to the COSTCO. Upon return on Sunday the company vehicle must be returned to the local warehouse prior to the CSRs going home.

25.     Defendant's written rules for its CSRs, pursuant to the "Associate Requirements For COSTCO Events" form, are that they should be at the COSTCO on Wednesdays by 8:30 a.m. to set up and by 9:15 a.m. send their Sales Manager a picture of CSRs and the set up booth via text message or email. They then work during the Costco store hours and stay for a period of time after it closes on Wednesday to review results, and secure materials, product and equipment and communicate with COSTCO store management.

26.     On Thursday, Friday, Saturday and Sunday, the CRSs are required to work the booth during the COSTCO store hours, communicate with their sales manager after hours as described above, and on Sundays stay after the COSTCO store closes to break down the display booth and pack it up before returning home.

27.     Based on these policies and COSTCO store hours Appleman and other CSRs work between 50 and 60 hours per week with no overtime pay.

28.     CSRs are paid a base salary and also receive other compensation in the form of bonuses and commissions for contracts the purchase of water that they secure.

29.     Defendant does not pay its CSRs any overtime premiums despite the fact that they are non-exempt workers and that their duties do not qualify them for any known exemption.

30.     The unlawful policies described in this Complaint applied to Appleman and the entire FLSA Collective.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### On behalf of Plaintiff and the FLSA Collective

31.     Defendant, in failing to pay Plaintiff and other CSRs overtime pay when they work more than 40 hours per week, has violated the Fair Labor Standards Act (FLSA) 29 U.S.C. Sec. 201, *et seq.*

32.     Defendant's failure to pay overtime has been willful and intentional in that it knew Plaintiff's duties, that he was working more than 40 hours per week and failed to pay overtime premiums as required by law.

33.     As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages and are entitled to recovery of such damages, liquidated damages, attorneys' fees, costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant as COSTCO Sales Representatives. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Designation of Plaintiff as class representative, and counsel of record as Class Counsel;

C.     Unpaid overtime under the FLSA;

D.   Liquidated damages permitted under the FLSA;

E.   Attorneys' fees and costs of suit, including expert fees; and

F.   Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

ROLNICK & NETBURN, LLC

By:      /s/*David A. Netburn*
David A. Netburn
Rolnick & Netburn, LLC
FL Bar No. 083781
9734 West Sample Road
Coral Springs, FL 33065
Tel. (954)346-5001
dnetburn@rolnicknetburn.com
***Attorney for Plaintiff and the Putative Collective***

THE HAYBER LAW FIRM, LLC

By:      /s/ *Richard E. Hayber*
Richard E. Hayber
Hayber Law Firm, LLC
Bar No.: CT11629
221 Main Street, Suite 502
Hartford, Connecticut 06106
Telephone: (860) 522-8888
rhayber@hayberlawfirm.com
*Pro Hoc Admission Application Anticipated*